UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANIEL HUTCHINS #438751,  )<br>    Plaintiff,           )<br>                          )    No. 1:22-cv-950<br>v.                        )<br>                          )    Honorable Paul L. Maloney<br>JOHN C. POLLACK, *et al.*, )<br>    Defendants.           )<br>                          ) | |

### ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the court on Defendants' motion for summary judgment. (ECF No. 54). Plaintiff filed a response in opposition. (ECF No. 55). Plaintiff then moved to strike one of Defendants' exhibits attached to their motion for summary judgment. (ECF No. 56). Judge Berens issued a report and recommendation resolving both motions. The court will adopt the report and recommendation.

### I. Background

Plaintiff, Mr. Daniel Hutchins, filed a pro se complaint against Branch County Sheriff John Pollack, Daryl T. Parker, M.D., and Shauna Harmon, R.N. Plaintiff alleged several claims stemming from his detention at the Branch County Jail. After reviewing the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the court dismissed Plaintiff's claims against Pollack. (ECF Nos. 10, 11). The court allowed Plaintiff's claims for denial of dental and medical care against Defendants Dr. Parker and Nurse Harmon and his First Amendment retaliation claim against Nurse Harmon to proceed. (ECF Nos. 10, 11).

1

Judge Berens's report and recommendation ("R&R") would deny Plaintiff's motion to strike and grant Defendants' motion for summary judgment. Thereafter, Plaintiff filed objections to the R&R. (ECF No. 66). Defendants filed a response to Plaintiff's objections. (ECF No. 68).

## II. Legal Standard

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

"[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) (unpublished order). General objections and reassertions of the same arguments already addressed by the magistrate do not focus the district court's attention on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. The duplication of time and effort wastes judicial resources rather than saving them and runs contrary to the purposes of the Magistrates Act. *Zimmerman v.*

*Cason*, 354 F. App'x 228, 230 (6th Cir. 2009) (quoting *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

### III. Analysis

Plaintiff raises several objections. Plaintiff objects to the R&R's findings that his deliberate indifference claim and retaliation claim failed. He also objects to the R&R because he was not provided counsel.

### A.

Plaintiff's first objection argues that the R&R erred in its determination that Plaintiff failed to satisfy the objective component of the deliberate indifference analysis as it relates to Plaintiff's epilepsy. The R&R found that Plaintiff's epilepsy is a chronic condition and not an "obvious" life-threatening condition. The R&R relied on *Dearing v. Mahalma*, No. 1:11-cv-204, 2013 WL 8696751 (S.D. Ohio Oct. 7, 2013), *report and recommendation adopted*, 2014 WL 2812736 (June 23, 2014) (finding that chronic pain from a seventeen-year-old gunshot wound did not fit into the "obvious" category of medical conditions).

The R&R correctly concluded that Plaintiff failed to establish the objective component for his claim because he failed to present evidence establishing the detrimental effect of the delay in treatment. Plaintiff did not present evidence of an epileptic seizure or some other event which could make his condition "obvious." Plaintiff does properly cite a Sixth Circuit case that found epilepsy was sufficient to meet the objective component under this analysis. *Newberry v. Melton*, 726 F. App'x 290, 295 (6th Cir. 2018). But that plaintiff suffered from "frequent, often lengthy, and aggressive convulsions." *Id.* Plaintiff did not provide evidence indicating he also suffered from the kinds of episodes that the plaintiff in

3

*Newberry* suffered. Illness manifests itself differently in everyone, and a mere diagnosis of epilepsy is insufficient to make Plaintiff's illness "obvious." *See Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 897 (6th Cir. 2004) (explaining that obvious conditions are those that even a layperson could identify as life-threatening). And even if Plaintiff was correct, his claim still failed under the R&R's analysis of the subjective component of his deliberate indifference claim. (ECF No. 63 at PID 399). Plaintiff's first objection is overruled.

B.

Plaintiff's second objection concerns two issues related to Plaintiff's retaliation claim against Defendant Harmon. To establish a prima facie case of retaliation, a plaintiff must show (1) he engaged in protected conduct; (2) the defendant took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the adverse action was taken (at least in part) because of the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The R&R concluded that Plaintiff met his burden on the first element (engaged in protected conduct) but did not meet his burden on the second element (adverse action) and third element (causation).

Plaintiff argues that the R&R improperly relied on evidence from the Defendants and did not credit his own affidavit. In finding that Harmon's refusal to send Plaintiff back to the dentist on July 7, 2022 was not an adverse action, the R&R says that "Hutchins had claimed that Dr. Frederick told him that another tooth needed work and that he had run out of time to complete the work on that tooth." (ECF No. 63 at PID 402). Plaintiff refutes ever making that claim in his objection, and he points to his affidavit. However, Plaintiff's affidavit merely

4

states, "On July 7, 2022, I seen Doctor Daryl Parker . . . and he would not refer back to the dentist and he would not change the seizure medication." (ECF No. 1-1 at PID 11). Plaintiff's affidavit does not dispute the R&R's findings. The R&R did not make a credibility determination, but merely relied on uncontradicted evidence.

Plaintiff further objects to the R&R's finding that Plaintiff failed to establish that Nurse Harmon's failure to renew his medication was causally linked to his protected conduct. Here, the R&R properly relied on *Smith v. Campbell*, 250 F.3d 1032, 1038 (6th Cir. 2001). In *Smith*, the Sixth Circuit held that close temporal proximity between filing a grievance and the alleged adverse action alone is generally insufficient to establish causation under the framework. *Id.* The R&R correctly concluded that Plaintiff only alleged temporal proximity, and Plaintiff failed to rebut Harmon's testimony that she would have provided the same care to Plaintiff despite his protected activity. (ECF No. 54-2 at PID 328). Plaintiff's second objection is overruled.

## C.

Plaintiff's third objection protests his denial of counsel. The court will overrule the objection because it is not before the court in a proper manner. Indigent civil litigants are not entitled to counsel, *Abdur-Rahman v. Mich. Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995) and this court has already denied Plaintiff's request. (ECF Nos. 10,11).

## IV. Conclusion

Having conducted a de novo review of the record and claims, the court will adopt the report and recommendation and overrule Plaintiff's objections.

5

**IT IS HEREBY ORDERED** that Defendants' motion for summary judgment (ECF No. 54) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to strike (ECF No. 56) is **DENIED**.

**IT IS FURTHER ORDERED** that the report and recommendation (ECF No. 63) is **ADOPTED** by the court.

**IT IS FURTHER ORDERED** that Plaintiff's second motion to compel medical records (ECF No. 72) is **DENIED** as moot.

Judgment to follow.

**IT IS SO ORDERED.**

Date:  June 4, 2024                                    /s/ Paul L. Maloney
                                                                        Paul L. Maloney
                                                                        United States District Judge